# UNITED STATES DISTRICT COURT
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**FEROZA BHAMANI** | **SECOND AMENDED JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number: **2:10CR00327-05**<br>Defendant's Attorney: Matthew Bockmon, Assistant Federal Defender |

Date of Original Judgment:   **August 06, 2015**
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

[ ] Correction of Sentence on Remand (Fed R. Crim. P. 35(a))

[ ] Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

[ ] Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(c))

[ ] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

[ ] Modification of Supervision Conditions (18 U.S.C. § 3563(c) or 3583(e))

[ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

[ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

[✓] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. §2255, [ ] 18 U.S.C. §3559(c)(7), [✓] Modification of Restitution Order

**THE DEFENDANT:**
[✓] pleaded guilty to count   3   of the Superseding Information.
[ ] pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ] was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offense (s):

| Title & Section | Nature Of Offense | Date Offense Concluded | Count Number |
|---|---|---|---|
| 18 U.S.C. § 4 | Misprison of Felony (Class E Felony) | August 2008 | 3 |

The defendant is sentenced as provided in pages 2 through  5  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).
[ ] Count (s) ___ dismissed on the motion of the United States.
[✓] Indictment is to be dismissed by District Court on motion of the United States.
[✓] Appeal rights given.          [✓] Appeal rights waived.

   IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution or fine, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

1/20/2016
Date of Imposition of Judgment

_[signature]_

Signature of Judicial Officer
**Troy L. Nunley**, United States District Judge
Name & Title of Judicial Officer
1/26/2016
Date

AO 245B-CAED(Rev. 09/2011) Sheet 4 - Probation

DEFENDANT: **FEROZA BHAMANI**            Page 2 of 5
CASE NUMBER: **2:10CR00327-05**

## PROBATION

The defendant is hereby sentenced to probation for a term of:
36 months.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release on probation and at least two (2) periodic drug tests thereafter, not to exceed four (4) drug tests per month.

- [✓] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.
- [✓] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.
- [✓] The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of qualifying offense.
- [ ] The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6. the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B-CAED(Rev. 09/2011) Sheet 4 - Probation

DEFENDANT: **FEROZA BHAMANI**  
CASE NUMBER: **2:10CR00327-05**

Page 3 of 5

## SPECIAL CONDITIONS OF PROBATION

1. The defendant shall submit to the search of her person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall not dispose of or otherwise dissipate any of her assets until the fine and/or restitution ordered by this Judgment is paid in full, unless the defendant obtains approval of the Court or the probation officer.

3. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any anticipated or unexpected financial gains to any unpaid restitution ordered by this Judgment.

4. The defendant shall provide the probation officer with access to any requested financial information.

5. The defendant shall not open additional lines of credit without the approval of the probation officer.

AO 245B-CAED(Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties

DEFENDANT: **FEROZA BHAMANI**　　　　　　　　　　　　　　　　　　　　　　　　　　Page 4 of 5
CASE NUMBER: **2:10CR00327-05**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $100.00 | $Waived | $8,764,131.24 |

[ ]　The determination of restitution is deferred until ___ . An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination.

[✓]　The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

　　If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment colunm below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| * SEE ATTACHED LIST | $8,764,131.24 | $8,764,131.24 | |
| **Totals** | **$8,764,131.24** | **$8,764,131.24** | |

[ ]　Restitution amount ordered pursuant to plea agreement $ ___

[ ]　The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[✓]　The court determined that the defendant does not have the ability to pay interest and it is ordered that:

　　[✓]　The interest requirement is waived for the　　[ ] fine　　[✓] restitution

　　[ ]　The interest requirement for the　　[ ] fine　　[ ] restitution is modified as follows:


[ ]　If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[ ]　If incarcerated, payment of the restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED(Rev. 09/2011) Sheet 6 - Schedule of Payments

DEFENDANT: **FEROZA BHAMANI**  Page 5 of 5
CASE NUMBER: **2:10CR00327-05**

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A.  [ ]   Lump sum payment of $ ___ due immediately, balance due

      [ ]   Not later than ___, or

      [ ]   in accordance   [ ] C,   [ ] D,   [ ] E, or   [ ] F below; or

B.  [✓]   Payment to begin immediately (may be combined with   [ ] C,   [ ] D,   or [ ] F below); or

C.  [ ]   Payment in equal ___ (e.g. weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g. months or years), to commence ___ (e.g. 30 or 60 days) after the date of this judgment; or

D.  [ ]   Payment in equal ___ (e.g. weekly, monthly, quarterly) installments of $ ___ over a period of ___ (e.g. months or years), to commence ___ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  [ ]   Payment during the term of supervised release/probation will commence within ___ (e.g. 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendants ability to pay at that time; or

F.  [ ]   Special instructions regarding the payment of crimimal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✓]   Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate: *The defendant shall pay restitution jointly and severally with co-defendants Akbar Bhamani in Docket No. 2:10CR00327-01, Zain Bhamani in Docket No. 2:10CR00327-02, Ken Sarna in Docket No. 2:10CR00327-03, and Aly Bhamani in Docket No. 2:10CR00327-04, in the amount of $8,764,131.24, payment to begin immediately.*

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

## United States v. Akbar Bhamani, et al.
## 2:10-CR-00327 TLN

# Restitution

| Last Name | RESTITUTION AMOUNT |
|---|---|
| Ozair Abdullah | $ 498,783.75 |
| Patricia Antoniuk and Shimon Elkon | $ 91,937.44 |
| Charles Ball | $ 25,000.00 |
| Carol Banquer | $ 180,000.00 |
| John Craig Bauer | $ 50,000.00 |
| John H. Bauer | $ 50,400.00 |
| Olga Biasiol | $ 128,800.00 |
| Jeff & Debbie Buchanan | $ 85,669.25 |
| Rocco Calvello | $ 38,833.28 |
| Douglas Charick | $ 50,000.00 |
| Lewis Chavez | $ 153,125.28 |
| David Doan | $ 45,748.18 |
| Fred Fertado | $ 95,500.00 |
| Andy Fischer | $ 28,650.00 |
| Anne Fisher | $ 99,089.41 |
| Nancy Gershman | $ 69,375.00 |
| Gabriella Gibson | $ 9,233.36 |
| Arturo & Maria Gonzalez | $ 696,234.00 |
| John & Evelyn Grosboll | $ 8,800.00 |
| George Harper | $ 9,041.62 |
| Nazimuddin Hashim | $ 410,000.00 |
| Jimmy Hastings | $ 76,166.65 |
| Mari Hayama | $ 184,391.63 |
| Bradley Hoover | $ 61,058.65 |
| Iris Hoover | $ 39,600.00 |
| John Hoover | $ 74,281.25 |
| Bruce Horacek | $ 9,200.00 |
| George Hotz | $ 71,061.69 |
| William Huey and Danny Tsai | $ 44,999.96 |
| Jeff and Heidi Jewell | $ 247,927.57 |
| Cruz Johnson | $ 43,749.95 |
| Jeffery Jones | $ 390,000.00 |
| John Jones | $ 20,000.00 |
| Darrell & Cornella Jurling | $ 46,666.64 |

| Name | | Amount |
|---|---|---:|
| Om & Saroj Kalia | $ | 59,520.83 |
| Jeff Kaus | $ | 170,000.00 |
| Karin Kinsey | $ | 45,000.00 |
| Bala Kuchibhotla | $ | 45,833.30 |
| Ping Leung | $ | 265,000.00 |
| Estate of Dolores LoBue | $ | 146,000.00 |
| Lawrence Luksza | $ | 687,465.46 |
| George Madrid | $ | 92,500.03 |
| Thomas Mescall | $ | 22,104.49 |
| Christiane Michaels | $ | 50,000.00 |
| Tatyana Mironova | $ | 114,530.51 |
| John Myers | $ | 18,750.00 |
| Phuoc Nguyen | $ | 100,000.00 |
| Harnek Nijjar | $ | 95,937.50 |
| David Oh | $ | 397,333.33 |
| Lisa Petri | $ | 296,750.00 |
| Glenna Powell | $ | 98,860.69 |
| Martin & Shannon Powers | $ | 33,946.58 |
| Glenn Prasad | $ | 31,201.25 |
| Olivia Raya | $ | 265,800.00 |
| Michael and Luevenia Richardson | $ | 60,000.00 |
| Frances Rios | $ | 21,131.25 |
| Peter & Ada Ross | $ | 179,999.96 |
| Sharon Sargent | $ | 78,000.00 |
| Estate of Edward Sarna | $ | 112,784.30 |
| Dalia Schwartz | $ | 243,750.04 |
| K. Joseph Sikias | $ | 210,499.96 |
| Bimal Singh | $ | 80,125.00 |
| Tina Soberanis | $ | 8,107.32 |
| Chandrasekhar Thirumalai | $ | 8,945.87 |
| Larry Titus | $ | 9,900.00 |
| Khanh To | $ | 49,520.83 |
| Sandro Visani | $ | 44,166.62 |
| Don Wilson | $ | 46,000.00 |
| Ali Bikli-We Wiyao | $ | 92,416.64 |
| Andrew Anming Yang | $ | 100,825.04 |
| Michael Zhu | $ | 135,000.00 |
| Chuni Yin | $ | 113,099.88 |
| **TOTAL** | $ | 8,764,131.24 |